# UNITED STATES DISTRICT COURT

__Middle__ District of __Alabama__

UNITED STATES OF AMERICA
V.
MICHEL IVAN REINOSO-GOMEZ

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:09CR207-MEF-2
USM Number: 82931-004

J. Carlton Taylor
Defendant's Attorney

**Date of Original Judgment:** January 14, 2011
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)  5s and 6s of the Superseding Indictment on 11/2/2010
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344, 3147 & 2 | Bank Fraud and Aiding and Abetting | 6/2/2010 | 5s |
| 18:1028A(a)(1), 3147 & 2 | Aggravated Identity Theft and Aiding and Abetting | 6/2/2010 | 6s |

The defendant is sentenced as provided in pages 2 _____ 7 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s)  1s-4s & 7s-8s of Sup. Indictment  ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 6, 2011
Date of Imposition of Judgment

_/s/ Mark E. Fuller_
Signature of Judge

MARK E. FULLER, CHIEF U.S. DISTRICT JUDGE
Name and Title of Judge

25 January 2011
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __7__

DEFENDANT: MICHEL IVAN REINOSO-GOMEZ
CASE NUMBER: 2:09CR207-MEF-02

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

Forty three (43) months. This sentence consists of terms of 18 months on Count 5s and 1 month on the statutory sentencing enhancement under 18 U.S.C. 3147, to be served consecutively to the term imposed as to Count 5s and 24 months on Count 6s, to be served consecutively to Count 5s. The Court recommends that defendant be given credit for every day in custody after his arrest for this sentence.

X The court makes the following recommendations to the Bureau of Prisons:

  The Court recommends that defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available. The Court further recommends that defendant be placed as near Miami, Florida as possible.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 2:09-cr-00207-MEF-CSC   Document 180   Filed 01/25/11   Page 3 of 7

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 3 — Supervised Release
                                                                          (NOTE: Identify Changes with Asterisks (*))
                                                                          Judgment—Page __3__ of __7__

DEFENDANT: MICHEL IVAN REINOSO-GOMEZ
CASE NUMBER: 2:09CR207-MEF-02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

Five (5) years. This term consists of 5 years on Count 5s and 1 year on Count 6s, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

| | |
|---|---|
| AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case<br>            Sheet 3C — Supervised Release | (NOTE: Identify Changes with Asterisks (*))<br>Judgment—Page __4__ of __7__ |

DEFENDANT:      MICHEL IVAN REINOSO-GOMEZ
CASE NUMBER:    2:09CR207-MEF-02

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall provide the probation officer any requested financial information.

Defendant shall not obtain new credit without approval of the Court unless in compliance with the payment schedule.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this Court.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                                     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __7__

DEFENDANT:        MICHEL IVAN REINOSO-GOMEZ
CASE NUMBER:      2:09CR207-MEF-02

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|              | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0 | $ 7,619.68 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Amarillo National Bank<br>Attn: Rosa Rios<br>P.O. Box 1<br>Amarillo, TX 79105 | | 42.84 | |
| American Express<br>Attn: Ariene Jacobs<br>1000 S. Pine Island Road<br>Suite 444<br>MC 03-04-01<br>Plantation, FL 33324 | | 941.73 | |
| Bank of America<br>135 Keys Ferry Road<br>McDonough, GA 30253 | | 1,846.69 | |
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    X  the interest requirement is waived for   ☐ fine   X  restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case  
              Sheet 5B — Criminal Monetary Penalties                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __7__

DEFENDANT:       MICHEL IVAN REINOSO-GOMEZ  
CASE NUMBER:   2:09CR207-MEF-02

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Citigroup<br>Special Inv. Unit LCB 160<br>Irving, TX 75039 | | 3,019.07 | |
| Bank of Hawaii<br>Corporate Security<br>130 Merchant Street #1620<br>Honolulu, HI 96813 | | 812.26 | |
| US Bank<br>Investigation Services<br>P.O. Box 304<br>Milwaukee, Wisconsin 53201 | | 957.09 | |

DEFENDANT: MICHEL IVAN REINOSO-GOMEZ
CASE NUMBER: 2:09CR207-MEF-02

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ 7,819.68 due immediately, balance due

　　☐ not later than _____ , or
　　X in accordance with ☐ C, ☐ D, ☐ E, or  X F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box 711, Montgomery, AL 36101. Any balance remaining at the start of supervision shall be paid at the rate not less than $100.00 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
　　*Michel Ivan Reinoso-Gomez - 2:09CR207-MEF-02 - $42.84 to Amarillo National Bank, $941.73 to American Express, $1,846.69 to Bank of America, $3,019.07 to Citigroup, $812.26 to Bank of Hawaii, $957.09 to U.S. Bank.
　　Andres Carmelo Penalba-Martinez - 2:09CR207-MEF-01 - $879.99 to American Express, $1,846.69 to Bank of America, $3,019.07 to Citigroup, $42.84 to Amarillo National Bank. Angel Luis Torres - 2:09CR207-MEF-03 - $42.84 to Amarillo National Bank, $941.73 American Express, $1,846.69 to Bank of America, $812.26 to Bank of Hawaii, $957.09 to U.S. Bank, $649.60 to Citigroup.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
　　IHOP gift card #603571 012320 0433747; TJ Maxx gift card #600176 0806 0082 98103; TJ Maxx gift card #600176 0806 0082 98111; BP gift card #600649 100307 109139; Vanilla Visa gift card #4315 6848 4708 7288; Winn Dixie gift card #62211 81960 42502 65037 90020.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.